# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | : | Civil No. 3:17-CV-1514 |
|---|---|---|
| Plaintiff, | : | |
| vs. | : | |
| R.K., a Minor, | : | (Magistrate Judge Carlson) |
| Defendant. | : | |

## MEMORANDUM OPINION AND ORDER

### I.  Factual Background

This mortgage foreclosure action has been assigned to the undersigned on the consent of the parties. The well-pleaded facts in the complaint disclose that on July 30, 2010 a certain real property mortgage was entered into and acknowledged by the mortgagor and record owner of the real estate at issue in this lawsuit, Lesley V. Scott ("Mortgagor"). (Doc. 6.) The mortgage was given to secure a promissory note signed by the Mortgagor. The Mortgagor subsequently fell deeply into default on this note, loan and mortgage, a circumstance which justified foreclosure under the terms of this note, loan agreement and mortgage. (Id.)

The Mortgagor died on January 12, 2017, intestate, and is survived by her heir-at-law, the minor defendant named in this lawsuit, R.K. (Id.) R.K. has now filed a motion to dismiss, or strike, the complaint in this case. (Doc. 7.) This motion raises a specific and narrow claim, arguing that R.K., the minor heir to the

1

Mortgagor's estate is not a proper nominal party defendant in this lawsuit. Thus, R.K. does not dispute the default, or the plaintiff's entitlement to proceed with a foreclosure action. Rather R.K. simply asserts that he should not be named as the nominal defendant in this case. This motion is fully briefed by the parties, (Docs. 8 and 12), and is therefore ripe for resolution.

For the reasons set forth below, this motion to dismiss will be denied, but we will establish a process to fully protect the rights of the minor nominal defendant, R.K.

**II.     Discussion**

    **A.     Motion to Dismiss–Standard of Review**

A motion to dismiss is designed to test the legal sufficiency of a complaint. Thus, Rule 12(b)(6) of the Federal Rule of Civil Procedure provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to

relief above the speculative level." Twombly, 550 U.S. 544, 555. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" of necessary elements of the plaintiff's cause of action. Id. at 556. Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotation marks omitted) (quoting Twombly, 550 U.S. at 555). Thus, "[a]t the motion to dismiss stage, we accept as true all factual assertions, but we disregard threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements." James v. City of Wilkes-Barre, 700 F.3d 675, 681 (3d Cir. 2012) (citing Iqbal, 556 U.S. at 678–79; Twombly, 550 U.S. at 555–57; Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011)).

As the United States Court of Appeals for the Third Circuit has observed:

> The Supreme Court in Twombly set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in Iqbal. The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. 1955. A complaint satisfies the plausibility standard when the factual pleadings "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S. Ct. 1955). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint

which pleads facts "merely consistent with" a defendant's liability, [ ] "stops short of the line between possibility and plausibility of 'entitlement of relief.'"

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011).

Thus, in assessing a motion to dismiss the court engages in a three-step analysis:

First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Iqbal, 129 S. Ct. at 1947. Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950. Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id.

Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

In undertaking this task, the court generally relies only on the complaint, attached exhibits, and matters of public record. Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir.

2002); see also U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 382, 388 (3d Cir. 2002) (holding that "[a]lthough a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss in one for summary judgment.") However, the court may not rely on other parts of the record in determining a motion to dismiss. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

> **B. R.K. as Heir to an Intestate Estate is a Competent Party in This Mortgage Foreclosure Case But the Parties Will Be Ordered to Take Appropriate Steps to Protect This Minor's Interests**

As we have noted, this motion to dismiss presents a single narrow issue relating to the legal competence of R.K., the minor heir to the intestate estate of the Mortgagor, to serve as the nominal defendant in this foreclosure action. On this score, defense counsel is to be commended for bringing this issue to our attention, but we agree that under Pennsylvania law the heir to an intestate estate is a proper party defendant in a foreclosure action.

At the outset, this conclusion is compelled by Rule 1144 of the Pennsylvania Rules of Civil Procedure, which identifies proper parties in a mortgage foreclosure action and provides as follows:

(a) The plaintiff shall name as defendants

(1) the mortgagor;

(2) the personal representative, heir or devisee of a deceased mortgagor, if known; and

(3) the real owner of the property, or if the real owner is unknown, the grantee in the last recorded deed.

(b) Unless named as real owner, neither the mortgagor nor the personal representative, heir or devisee of the mortgagor, need be joined as defendant if the plaintiff sets forth in the complaint that the plaintiff releases such person from liability for the debt secured by the mortgage

Pa. R.C.P. 1144.

Here, it is undisputed that the Mortgagor is deceased. Thus, under Rule 1144(a)(2), the proper party-defendant is "the personal representative, heir or devisee of a deceased mortgagor, if known." Pa. R.C.P. 1144(a)(2). The language of Rule 1144(a)(2) is cast in the disjunctive. Thus, it appears that either the personal representative of a deceased mortgagor, or the heir of the mortgagor, may be named as a defendant.

This conclusion is confirmed by Pennsylvania case law construing this rule, which consistently seems to recognize that an heir to a deceased mortgage holder is a proper party in a foreclosure action. See, e.g., Wachovia Mortg., FSB v. Estate of Battistini, No. 1739 EDA 2013, 2014 WL 10980089, at *1 (Pa. Super. Ct. Feb. 25, 2014); PNC Bank, N.A. v. Unknown Heirs, 2007 PA Super 212, 929 A.2d 219 (2007); Meritor Mortg. Corp.-E. v. Henderson, 421 Pa. Super. 339, 342, 617 A.2d 1323, 1325 (1992). Therefore, we agree that R.K. is a proper nominal party-

defendant in this case, and will deny the motion to dismiss this case based upon R.K.'s alleged incapacity to serve as a party-defendant.

We also agree, however, with the overarching concern voiced by defense counsel in filing this motion, a concern for the protection of the interests of R.K., a minor child, in this litigation where R.K. simply serves as a nominal party-defendant. We note that the plaintiff shares this concern, and has proposed that a guardian *ad litem* be appointed to protect R.K.'s interests.

We commend this approach and note that Rule 17(c) of the Federal Rules of Civil Procedure specifically contemplates the appointment of a guardian *ad litem* in cases involving minors who are parties to litigation. See Fed. R. Civ. P. 17(c). Moreover, this practice is a routine measure in foreclosure cases of this type, one which allows the case to proceed forward while protecting the interests of nominal minor parties. See generally, United States v. Bridgewater, No. CV 2014-0099, 2016 WL 8730567, at *4 (D.V.I. Aug. 26, 2016).

This is the path we will follow in this case, a path which recognizes that R.K. is a proper party, but sets in motion procedures for protecting this minor child's interests from any unintended collateral consequences flowing from improvident financial decisions by the deceased Mortgagor.

An appropriate order follows.

## III. Order

For the foregoing reasons IT IS ORDERED as follows:

1. The defendant's motion to dismiss (Doc. 7), is DENIED.

2. Pursuant to Federal Rule of Civil Procedure 17(c), a guardian *ad litem* shall be appointed to represent the interests of R.K. in this litigation. The parties shall meet, confer, and if possible jointly agree upon an appropriate guardian *ad litem* to propose to the court on or before **January 12, 2018**.

3. The parties shall then file a status report, or appropriate motions disposing of this action, on or before **March 12, 2018.**

So ordered this 6th day of December, 2017.

> */s/ Martin C. Carlson*
> Martin C. Carlson
> United States Magistrate Judge